DRISCOLL v. HAMMILL. (No. 5804.)

(Supreme Court, Appellate Division, First Department. May 15, 1914.)

PLEADING (§ 367*)—COMPLAINT—DEFINITENESS.

The complaint in an action against the executrix of plaintiff's mother to enforce a trust, alleging that plaintiff and his wife conveyed to the mother certain real estate, of the value of upwards of $7,000, that he did not receive the amount to which he became entitled by virtue thereof, that his mother agreed to invest and reinvest such fund, and pay it upon demand, which, though often requested, she refused to do, was indefinite, and defendant was entitled to have it made more definite and certain, by alleging the amount of the trust fund, what the precise agreement was, and whether orally or in writing, and when the demands for payment were made, since defendant was entitled to this information, in order that she might plead intelligently, and to obtain it through a bill of particulars would not aid her in pleading.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 64, 1173–1193; Dec. Dig. § 367.*]

Appeal from Special Term, New York County.

Action by James H. Driscoll against Marguerite Fay Hammill, as executrix and trustee of Ellen Driscoll, deceased. From an order denying a motion to make the complaint more definite and certain, defendant appeals. Reversed, and motion granted in part.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Benjamin E. Messler, of New York City, for appellant.
Franklyn M. Silverstein, of New York City, for respondent.

SCOTT, J. Whether designedly or not, the complaint in this action is a model of indefiniteness, and one which it would be quite unreasonable to ask the defendants to answer in its present shape. The plaintiff alleges that in the year 1887 he and his wife conveyed to his mother (defendant's testator) certain real estate of the value of upwards of $7,000, that he did not receive the amount to which he became entitled by virtue of said conveyance, and that his mother agreed to invest and reinvest the principal and income of said fund, and to pay it upon demand to plaintiff, which, though often requested, she

refused to do. He seeks to spell out of these facts a trust on his mother's part, which he now seeks to enforce against her executrix.

The first and most obvious indefiniteness is as to the amount of the trust fund. Was it a sum agreed upon as consideration for the conveyance, or the value of the property at the time of the conveyance, or the amount which the mother might have realized upon a sale, or what was it? The defendant is certainly entitled to know what plaintiff's claim is in this regard. And what was the precise agreement out of which the alleged trust is said to have grown? The allegations of the complaint are evidently plaintiff's conclusions as to the effect of some precise agreement between himself and his mother. The defendant is entitled to know just what the agreement was, and whether it was oral or in writing, or partly oral or partly in writing. The defendant is also entitled to know when plaintiff made the demands for payment with which he says that his mother refused to comply. All of these matters are within plaintiff's knowledge, and presumptively are unknown to defendant. She should be apprised of them in the complaint, to the end that she may be able to plead intelligently. To leave her to obtain the information through a bill of particulars would not aid her in pleading. Whether a plea of the statute of frauds or of the statute of limitations would be available need not be considered now, and, indeed, cannot be in the present indefinite form of the complaint. The defendant is entitled to an opportunity to present each defense as she may be advised, leaving their effect and validity to be determined hereafter.

The order appealed from must be reversed, with $10 costs and disbursements, and the motion granted to the extent indicated in this opinion. All concur.